UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Suzanne M. Lord

   v.                                      Civil No. 06-cv-079-JD

Ayman Abusoud Jacobs, D.M.D.


O R D E R

Suzanne M. Lord filed suit against Ayman Abusoud Jacobs, D.M.D., in state court, alleging wrongful termination, failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 207, and failure to pay overtime in violation of state law. Jacobs removed the case to this court, asserting federal question jurisdiction under 28 U.S.C. § 1331, based on Lord's Fair Labor Standards Act claim. Unhappy with the federal forum, Lord filed concurrent motions to amend her complaint to delete the federal claim, to dismiss the federal claim, and to remand the case to state court. Jacobs moves to dismiss Lord's wrongful termination claim. Jacobs has not filed a response to Lord's motions.

Whether Lord is permitted to amend her complaint to delete the federal claim or the claim is dismissed, the result is the same. Although Lord would then allege only state law claims, the lack of a federal claim would not defeat federal jurisdiction which is determined at the time the complaint was filed and is not affected by subsequent changes in the claims. Grispino v. New England Mut. Life Ins. Co., 358 F.3d 16, 19 (1st Cir. 2004);

Ching v. Mitre Corp., 921 F.2d 11, 13-14 (1st Cir. 1990). Nevertheless, if the federal claim that is the basis of subject matter jurisdiction is dismissed early in the litigation, the court may decline to exercise supplemental jurisdiction over the remaining state law claims and may remand the case to state court. 28 U.S.C. § 1367(c)(3); Connolly v. H.D. Goodall Hosp., Inc., 427 F.3d 127, 128 (1st Cir. 2005).

A claim may be dismissed under Federal Rule of Civil Procedure 41(a)(2) after the court considers the surrounding circumstances, such as "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." In re Urohealth Sys., Inc., 252 F.3d 504, 505 (1st Cir. 2001). "Consent to file amended pleadings 'shall be freely given when justice so requires,' Fed. R. Civ. P. 15(a), unless the amendment would be futile or reward undue delay." Adorno v. Crowley Towing & Transp. Co., 2006 WL 852363, 3 (1st Cir. April 4, 2006) (additional citation omitted).

Jacobs removed this case from state court on February 24, 2006, and filed his answer shortly thereafter. Jacobs filed a motion to dismiss Lords's wrongful termination claim after Lord filed her motions to delete the federal claim and to remand. The parties filed a joint discovery plan on April 7. At this early

stage in the proceedings, Jacobs has spent little if any effort and expense in preparation for trial and the circumstances do not suggest delay or a lack of diligence on Lords's part.  Jacob's motion to dismiss is unaffected by Lord's pending motions to amend or dismiss to delete the federal claim.

Therefore, Lord's motion to voluntarily dismiss her federal claim pursuant to Federal Rule of Civil Procedure 41(a)(2) is granted.  In the absence of the federal claim, on which federal jurisdiction was founded, and at this very early stage in the case, the court declines to exercise supplemental jurisdiction over the remaining state law claims.

## Conclusion

For the foregoing reasons, the plaintiff's motion to dismiss Count II (document no. 8) and her motion to remand (document no. 9) are granted.  The plaintiff's motion to amend (document no. 7) is terminated as moot.  The defendant's motion to dismiss (document no. 10) is terminated without prejudice.

The case is remanded to Cheshire County Superior Court.

SO ORDERED.

                                              Joseph A. DiClerico, Jr.
                                              United States District Judge

April 19, 2006

cc:  C. Kevin Leaonrd, Esquire
     Michael D. Urban, Esquire

3